UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DCV IMPORTS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | ) Civil Action No. 3:17-cv-3025 |
| AND | ) |
| THOMAS E. ARNOLD, DIRECTOR, INDUSTRY OPERATIONS, CHICAGO FIELD DIVISION, | ) |
| Defendants. | ) |

**VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY JUDGMENT**

Comes now the Plaintiff, DCV Imports, LLC, by counsel, John M. Stevens, Brooke|Stevens, PC, and for its complaint against the Defendants, Bureau of Alcohol, Tobacco, Firearms, and Explosives and Thomas E. Arnold, Director, Industry Operations, Chicago Field Division, alleges and states:

**PARTIES**

1. Plaintiff, DCV Imports, LLC ("DCV"), is, and at all times relevant was, a limited liability company authorized to conduct business in the State of Illinois with its principle place of business in Lincoln, Illinois.

1

2. Defendant, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), is a Department of the Executive Branch of the United States government. ATF is an Agency within the definition of 5 U.S.C. § 701(b).

3. Defendant, Thomas E. Arnold, ("Director Arnold"), is Director, Industry Operations, Chicago Field Division, which is a subdivision of ATF, an Agency within the definition of 5 U.S.C. § 701(b).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701-706.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because it is the District in which the events giving rise to this claim occurred.

## GENERAL ALLEGATIONS

6. The Plaintiff, DCV, is a fireworks display company that holds a Federal Explosives License originally issued in 2004 by Defendant, ATF.

7. A Federal Explosives License is a prerequisite for DCV to engage in the display fireworks business, as the fireworks items are explosives, regulated by the ATF.

8. DCV's license was renewed by the ATF in 2007 and 2010.

9. DCV submitted a renewal application for its explosives license in 2013 which was denied by the ATF on May 2, 2014.

10. After receiving the notice of denial from the ATF, DCV requested a hearing before an administrative law judge ("ALJ") to review the denial of its renewal application.

11. Based on the ALJ opinion, the ATF's Director, Industry Operations, Chicago Division affirmed the nonrenewal.

12. DCV subsequently chose to appeal the decision of the Director of Industry Operations to the Director of the ATF.

13. The ATF Director affirmed the decision to deny DCV's renewal application, a final agency action, and DCV filed a petition for judicial review in the 7th Circuit Court of Appeals.

14. The 7th Circuit Court of Appeals issued its opinion upholding the ATF Director's decision on October 4, 2016 and subsequently denied DCV's request for rehearing on November 23, 2016.

15. DCV is now pursuing a Writ of Certiorari in the United States Supreme Court.

16. Throughout the entire review process, the ATF issued DCV a Letter of Authorization ("LOA") which allowed DCV to continue operating under its existing license pursuant to 27 C.F.R. § 555.83.

17. Each LOA gave DCV unconditional authority to continue engaging in all activities permitted by the regulations pursuant to 5 U.S.C. § 558.

18. On November 22, 2016, however, while DCV's Petition for Rehearing was pending with the 7th Circuit Court of Appeals, Defendant, Director Arnold, issued a restricted LOA only allowing DCV to engage only in those activities he deemed necessary for DCV to wind down its business operations and provided that any additional LOAs would be issued at his discretion.

19. On December 19, 2016 Defendant, Director Arnold, issued a second restricted LOA, on the same terms, again asserting that the authorization to continue lawful operations existed solely in his discretion and allowing DCV to conduct business until January 31, 2017.

20. On January 9, 2017 Defendant, Director Arnold, issued a Final Notice to DCV stating that, based on his further consideration of the matter, he would not issue any additional Letters authorizing DCV to operate and that, as a result, when DCV current LOA expires on January 31, 2017 DCV will no longer be authorized to acquire or dispose of explosive materials.

**COUNT I – REQUEST FOR A WRIT OF MANDATE REQUIRING THE DEFENDANTS TO ISSUE AN UNCONDITIONAL LETTER OF AUTHORIZATION TO PLAINTIFF**

21. Plaintiff incorporates by reference paragraphs 1 through 20 of its General Allegations above.

22. Applicable regulations clearly provide that DCV may continue to operate under its now expired license until the appeal process is completed. 27 C.F.R. § 555.83; *see also* 27 C.F.R. § 555.49(b)(3) ("action regarding the [licensee's renewal application] will be held in abeyance pending the completion of the proceedings against the applicant's . . . renewal application[.]").

23. DCV has appealed the ATF's decision to deny its renewal application and this appeal process has been, and continues to be, ongoing.

24. Although the 7th Circuit Court of Appeals has upheld the ATF decision and denied DCV's motion for rehearing, s*ee DCV Imps., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 838 F.3d 914, 915 (7th Cir. 2016), DCV still has the right to seek review of the ATF decision by the Supreme Court of the United States by filing a petition for a Writ of Certiorari. 28 U.S.C. § 1254(1).

25. The ATF and Director Arnold are required to allow DCV to continue operating under their now-expired license pending the conclusion of the ongoing appeal process; however, they have chosen to deny DCV its right to do so.

26. DCV requests that this Court mandate the Defendants to issue an unconditional Letter of Authorization allowing the Plaintiff to continue operating under its current license until all of its appeal rights have been exhausted.

### COUNT II - CLAIM FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTIVE RELIEF AND PERMANENT INJUNCTIVE RELIEF

27. Plaintiff incorporates by reference paragraphs 1 through 20 of its General Allegations set forth above and each and rhetorical paragraphs 21 through 26 of its Count I set forth above.

28. Based on the ATF's own regulations, the Defendants have no authority to limit DCV's permitted business activities while review of the ATF's decision is pending. *See* 27 C.F.R. § 555.83 and 555.49(b)(3).

29. This abuse of power by the Defendants places unreasonable burdens on and will irreparably harm DCV.

30. The harm to DCV caused by the Defendants abuse of power far outweighs any potential benefit to the Defendants.

31. DCV's Motion for Temporary Restraining Order and for Preliminary Injunction is being filed contemporaneously with this Complaint.

### COUNT III – REQUEST FOR DECLARATORY JUDGMENT

32. Plaintiff incorporates by reference paragraphs 1 through 20 of its General Allegations set forth above and each and rhetorical paragraphs 21 through 31 of its Counts I and II set forth above.

33. During the review process, the Defendants are required to allow DCV to "continue to engage in the activities covered by the existing license . . . after the date of expiration of the license[.]" 27 C.F.R. § 555.83.

34. The Defendants have no authority to limit DCV's permitted business activities while review of the ATF's decision is pending. *See* 27 C.F.R. § 555.83 and 555.49(b)(3).

35. DCV requests that this Court declare and determine the applicability of the ATF's explosives regulations, 27 C.F.R. 555.1 *et seq.* and the Parties' rights and responsibilities as to the conduct of DCV's business activities under those regulations during the ongoing review process.

36. DCV requests that this Court declare and determine the ability of the Defendants to condition the LOA to allow DCV to engage only in those activities deemed necessary for DCV to wind down its business operations.

WHEREFORE, Plaintiff, DCV Imports, LLC, by counsel, prays for and respectfully requests this Court for a writ of mandate, a temporary restraining order and preliminary injunction, and a declaratory judgment as to the applicability of, and the Parties' rights and responsibilities under, the ATF's explosives regulations, 27 C.F.R. § 555.1 *et seq.*, reasonable attorney fees, and all other relief proper in the premises.

I hereby verify under the pains and penalties of perjury that the foregoing statements are true and accurate, to the best of my knowledge.

By: Darren Vineyard
President, DCV Imports, LLC

Date 1/3/17

                                        Respectfully submitted,

By:    */s/ John M. Stevens*
         John M. Stevens (Illinois # 6297706)
         BROOKE | STEVENS, PC
         112 East Gilbert Street
         Muncie, Indiana 47305
         (765) 741-1375 (telephone)
         (765) 288-7763 (facsimile)
         *Counsel for Plaintiff, DCV Imports, LLC*

Dated: January 31, 2017