E-FILED
Tuesday, 28 February, 2017  11:05:54 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DCV IMPORTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-3025 |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, and | ) | |
| THOMAS E. ARNOLD, Director, | ) | |
| Industry Operations, Chicago Field Division, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Plaintiff's Motion [3] for Temporary Restraining Order and Preliminary Injunction and Defendants' Motion [13] to Dismiss. For the reasons set forth below, this action is DISMISSED for lack of jurisdiction.

### BACKGROUND

DCV Imports, LLC ("DCV") is a fireworks importer and distributor located in Lincoln, Illinois. In 2004, DCV was issued a federal explosives license ("FEL") to import high explosives by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). FEL licenses are valid for three years and may be renewed upon the same conditions and restrictions as the original license. 18 U.S.C. § 843(a).  In 2004, 2008, and 2010, ATF agents conducted compliance inspections at DCV, but did not find any regulatory violations. See 27 C.F.R. § 555.24. However, during an unannounced inspection in September 2013, ATF discovered 73 instances in which DCV's daily summary of magazine transaction records did not reflect the actual quantities of explosive

material in the magazine.[1] The net explosive weight attributed to this discrepancy was approximately 870 pounds. Based on the above violations, the Director of Industry Operations ("DIO") for the Chicago division of the ATF notified DCV in May 2014 that it would not renew DCV's explosive license. Specifically, ATF charged DCV will willfully failing to comply with the recordkeeping requirements of 27 C.F.R. § 555.127.[2]

DCV appealed the denial of its renewal application to an administrative law judge, *see* 18 U.S.C. § 843(e)(2), who agreed with the agency that DCV's recordkeeping violations were willful and recommended that the agency confirm the decision not to renew DCV's license. In April 2015, the DIO of the Chicago Field Division issued an order confirming the denial of DCV's application and provided DCV with a final notice denying the renewal application. DCV then petitioned for review by ATF's Acting Director, who after briefing and oral argument affirmed the ALJ's decision and the DIO's denial order. Finally, DCV petitioned the Seventh Circuit Court of Appeals for review of the ATF Director's order. See 18 U.S.C. § 843; *DCV Imports, LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 838 F.3d 914 (7th Cir. 2016). On October 4, 2016, the Seventh Circuit concluded that substantial evidence supported the Director's decision and denied the petition. *Id*. at 915. DCV subsequently filed a petition for rehearing, which was denied on November 23, 2016. On February 9, 2017, DCV filed in the Supreme Court an application to extend the time to file a petition for a writ of certiorari from February 21, 2017 to April 22, 2017. On February 14, 2017, Justice Kagan granted the

---

[1] A magazine refers to the storage area for the explosive material.

[2] 27 C.F.R. § 55.127 requires, *inter alia*, that

> [n]ot later than the close of the next business day, each licensee and permittee shall record by manufacturer's name or brand name, the total quantity received in and removed from each magazine during the day, and the total remaining on hand at the end of the day … Any discrepancy which might indicate a theft or loss of explosive materials is to be reported in accordance with § 555.30.
> *Id*.

application. See *DCV Imports, LLC, v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, App. No. 16A811 (Feb. 14, 2017) (Kagan, J., in chambers).

During the pendency of the administrative and judicial review proceedings, the DIO issued a series of unrestricted Letters of Authorization ("LOAs") to DCV allowing it to continue operating under its expired license. See 27 C.F.R. § 555.83.[3] However, on November 22, 2016, the DIO issued DCV a restricted LOA limiting DCV operations to the winding down of its business. A second restricted LOA was issued to DCV in December 2016, and on January 9, 2017, the ATF issued a notice informing DCV that no further LOAs would issue after the current LOA expired on January 31, 2017.

DCV brought this action on the day the final LOA was set to expire. In their Complaint and by way of motion, DCV sought a temporary restraining order, preliminary and permanent injunction, writ of mandate, and declaratory judgment. Docs. 1, 3. Each of DCV's requests essentially seek the same relief—compelling the ATF to issue it unrestricted LOAs while it seeks review in the Supreme Court. On February 3, 2017, DCV withdrew their request for a temporary restraining order after reaching an agreement with the DIO to extend the restricted LOA until this Court's ruling on the preliminary injunction, or February 28, 2017, whichever occurs earlier. Doc. 8. The United States responded to the remaining requests for relief in DCV's Motion. Doc. 15. It also moved to dismiss the Complaint for failure to state a claim, Doc. 13, and DCV responded, Doc. 16. This Order follows.

---

[3] 27 C.F.R. § 555.83 provides, "[i]n any case where a notice of denial of a renewal application has been issued, the licensee or permittee may continue to engage in the activities covered by the existing license or permit after the date of expiration of the license or permit until proceedings under this subpart are completed."

**LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555. U.S. 7, 24 (2008). To determine whether a preliminary injunction is warranted, district judges engage in a two-phase analysis. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085–86 (7th Cir. 2008). In the "threshold phase" the party seeking the injunction must satisfy three requirements. *Id.* at 1086. "First, that absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims. Second, that traditional legal remedies would be inadequate. And third, that its claim has some likelihood of succeeding on the merits." *Id.* (internal citations omitted). If the movant fails to demonstrate any one of the three threshold requirements, the injunction must be denied. *Id.* If, however, the movant satisfies the initial threshold, it proceeds to the balancing phase of the analysis. *Id.*

In the balancing phase, the court attempts to minimize the cost of potential error by balancing the "nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the 'public interest." *Id.* (citing *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1433 (7th Cir. 1986), *Abbott Labs v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992), *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1986)). In doing so, the courts weigh the irreparable harm that the movant would endure without the injunction against any irreparable harm the nonmovant would suffer if the injunction were granted. *Girl Scouts*, 549 F.3d at 1086. "In so doing, the court employs a sliding scale approach: the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Id.* (internal citations omitted).

4

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

**ANALYSIS**

Judicial review of the ATF's decision to revoke or not renew a federal explosives license or permit is provided by statute:

> (d) The Attorney General may revoke any license or permit issued under this section if in the opinion of the Attorney General the holder thereof has violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter, or has become ineligible to acquire explosive materials under section 842(d). The Secretary's action under this subsection may be reviewed only as provided in subsection (e)(2) of this section.
>
> …
>
> (e)(2) If the Attorney General denies an application for, or revokes a license, or permit, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation, the Attorney General may upon a request of the holder stay the effective date of the revocation. A hearing under this section shall be at a location convenient to the aggrieved party. The Attorney General shall give written notice of his decision to the aggrieved party within a reasonable time after the hearing. The aggrieved party may, within sixty days after receipt of the Secretary's written decision, file a petition with the United States court of appeals for the district in which he resides or has his

5

principal place of business for a judicial review of such denial or revocation,
pursuant to sections 701-706 of title 5, United States Code.

18 U.S.C. § 843.

DCV availed itself of the right under § 843 to petition the Seventh Circuit Court of Appeals,[4] and

the Seventh Circuit denied the petition on October 4, 2016. *DCV Imports, LLC*, 838 F.3d at 915.

During the pendency of the administrative proceedings and review by the Seventh Circuit, the

Director was required under 27 C.F.R. § 555.49 to hold in abeyance agency action against

DCV's license:

> (3) The Chief, Federal Explosives Licensing Center, will approve or the Director,
> Industry Operations will deny any application for a license or permit within the
> 90–day period beginning on the date a properly executed application was
> received. However, when an applicant for license or permit renewal is a person
> who is, under the provisions of § 555.83 or § 555.142, conducting business or
> operations under a previously issued license or permit, action regarding the
> application will be held in abeyance pending the completion of the proceedings
> against the applicant's existing license or permit, or renewal application, or final
> action by the Director on an application for relief submitted under § 555.142, as
> the case may be.

27 C.F.R. § 555.49.

Section 555.49 applies to applicants conducting business under a previously issued license

"under the provisions of § 555.83." Section 555.83 provides:

> In any case where a notice of revocation has been issued and a request for a stay
> of the effective date of the revocation has not been granted, the licensee or
> permittee shall not engage in the activities covered by the license or permit
> pending the outcome of proceedings under this subpart. In any case where notice
> of revocation has been issued but a stay of the effective date of the revocation has
> been granted, the licensee or permittee may continue to engage in the activities
> covered by his license or permit unless, or until, formally notified to the contrary:

---

[4] Section 555.80, like 18 U.S.C. § 843(e)(2), provides that judicial review of license and permit proceedings for
explosives may be sought by way of petition with the appropriate United States Court of Appeals:
> An applicant, licensee, or permittee may, within 60 days after receipt of the decision of the
> administrative law judge or the final order of the Director, Industry Operations or the Director, file
> a petition for a judicial review of the decision, with the U.S. Court of Appeals for the district in
> which he resides or has his principal place of business …
> 27 C.F.R. § 555.80.

*Provided*, That in the event the license or permit would have expired before proceedings under this subpart are completed, timely renewal application must have been filed to continue the license or permit beyond its expiration date. In any case where a notice of denial of a renewal application has been issued, the licensee or permittee may continue to engage in the activities covered by the existing license or permit after the date of expiration of the license or permit *until proceedings under this subpart are completed*.

27 C.F.R. § 555.83 (emphasis added).

At issue in this case is whether the ATF is required to continue to provide DCV with unrestricted LOAs while DCV pursues a petition for writ of certiorari in the United States Supreme Court. DCV argues the ATF "lacks the authority to limit review proceedings in contravention of clear [c]ongressional intent" and the "plain language of 18 U.S.C. § 843(e)(2) … allow[s] DCV to continue to operate until court review has concluded." See, e.g., Doc. 17, at 2. The United States, on the other hand, argues that 27 C.F.R. §§ 555.80 and 555.83 allow continued operations only until completion of review "under this subpart," i.e., until completion of review by the court of appeals. Thus, because the Seventh Circuit's review has concluded, the United States argues that DCV fails to state a claim upon which relief may be granted. Doc. 11, at 2. Before the Court addresses the merits of the parties' arguments, however, it must address a more basic issue: does this Court have jurisdiction to grant the relief Plaintiff requests?

DCV asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701-706. Doc. 1, at 2. However, 18 U.S.C. § 843 provides that the ATF's "action under this subsection may be reviewed only as provided in subsection (e)(2) of this section." And subsection (e)(2) provides only one forum for filing a petition for judicial review—the United States Court of Appeals for the district in which he resides or has his principal place of business … pursuant to sections 701-706 of title 5, United States Code." *Id*. The Administrative Procedure Act, 5 U.S.C. §§ 701-706, which DCV cites as a basis for this Court's jurisdiction,

distinguishes the form of judicial review proceedings based on whether a "special statutory review proceeding" is available.[5] Here, § 843 provides for a "special statutory review proceeding" in the United States Courts of Appeals. Therefore, unless review by the United States Court of Appeals for the Seventh Circuit under § 843 was insufficient to provide a "prior, adequate, and exclusive opportunity for judicial review," § 703 does not confer general jurisdiction upon this Court to review the ATF's action.

DCV argues that § 843's reference to §§ 701-706 of the Administrative Procedure Act indicates that although review must be initiated in the Court of Appeals, it is "not the exclusive forum for the entire process." Doc. 17, at 5. Otherwise, DCV asserts, § 843 would not have referenced the Administrative Procedure Act, which explicitly provides for administrative actions to be appealed by writ of certiorari.[6] Thus, DCV concludes that under 27 C.F.R. § 555.83 "the ATF has no discretion under the explosives regulations to rescind or condition a stay while judicial review of a denial of a renewal application is pending." *Id.*, at 8.

Respectfully, DCV's interpretation conflates the right of judicial review under § 843 and the Administrative Procedure Act with the right of a licensee or permittee under § 555.83 of the

---

[5] Title 5, Section 703 of the United States Code provides:
> The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.
> 5 U.S.C. § 703.

[6] Title 5, Section 705 of the United States Code provides:
> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.
> 5 U.S.C. § 705.

8

ATF's regulations to continue to operate under an existing license *until proceedings under this subpart are completed*. See 27 C.F.R. § 555.83 (emphasis added). In other words, nothing in § 555.83 limits the right of DCV to seek review of the Seventh Circuit's decision by way of petitioning the Supreme Court for a writ of certiorari. Rather, § 555.83 provides an automatic stay of the agency's action on a renewal application while a licensee operating under an existing license petitions for review of the agency's decision under § 843 in the appropriate court of appeals. Thus, once review under § 843 was complete—i.e., when the Seventh Circuit issued a final opinion and mandate on DCV's petition for review—DCV was no longer entitled to an automatic stay of the ATF's decision not to renew its license.

Although DCV was no longer entitled to an automatic stay of the ATF's denial of its renewal application after the Seventh Circuit's review was complete, DCV still had (and perhaps still has) the opportunity to seek a discretionary stay of the ATF's action while it pursued a petition for certiorari. First, under Section 705 of the Administrative Procedure Act, the ATF may, if it finds that justice requires, "postpone the effective date of action taken by it." 5 U.S.C. § 705. Likewise, § 705 allows both the Seventh Circuit and the Supreme Court to stay the ATF's action. *Id.* ("[T]he reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings."); see also, 28 U.S.C. § 2101 (allowing a judge of the court rendering judgment or a justice of the Supreme Court to grant a stay pending application for certiorari). Moreover, Rule 41(d) of the Federal Rules of Appellate Procedure specifically provides for the relief DCV requests. Under Rule 41(d) a party may move the Court of Appeals to stay the mandate pending the filing of a petition for writ of certiorari to

9

the Supreme Court. Fed. R. App. P. 41(d)(2). See *Hor v. Gonzales*, 400 F.3d 482, 484 (7th Cir. 2005) ("[A]n appellate court may stay a district judge's order, or its own mandate, or an agency's decision when the agency plays the role of the district court and the initial judicial tribunal is a court of appeals.").

In sum, while DCV may move to stay the ATF's denial of its renewal application or the Seventh Circuit's mandate, it appears that the authority to grant such a stay lies beyond the jurisdiction of this Court. See e.g., *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 737 (1985) ("Congress intended to provide for initial court of appeals review of all final orders in licensing proceedings whether or not a hearing before the Commission occurred or could have occurred."); *Id.* at 745 ("Absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts, we will not presume that Congress intended to depart from the sound policy of placing initial APA review in the courts of appeals."); *John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 570 (D.C. Cir. 2007) (noting that proceedings in the district court could "encourage duplicative and potential conflicting review"); *Fed. Sav. & Loan Ins. Corp. v. Lawn Sav. & Loan Ass'n*, 285 F. Supp. 793, 794 (N.D. Ill. 1968) ("This court concludes that a proper reading of the statute involved gives the Court of Appeals exclusive jurisdiction to hear and decide this motion for preliminary injunction while an appeal is pending. This decision eliminates the possibility that this court might, by its actions, render the pending appeal moot. This case, therefore, belongs in the Seventh Circuit Court of Appeals.").

One final point. Although a district court always "has jurisdiction to determine its jurisdiction," *Land v. Dollar*, 330 U.S. 731, 739 (1947), a district court generally refrains from opining on the underlying merits in a proceeding once it determines that jurisdiction is lacking. However, in the context of preliminary injunctions, the Seventh Circuit has "encouraged the

courts to conduct at least a cursory examination of all the aforementioned preliminary injunction considerations." *Girl Scouts*, 549 F.3d at 1087. Doing so expedites appellate review and "helps to protect the interests of the parties." *Id*. Therefore, the Court will briefly touch on the relevant considerations for granting a preliminary injunction. Under the threshold phase, a district court analyzes whether the movant would suffer irreparable harm prior to the final resolution of its claims absent the injunction, whether traditional legal remedies are inadequate, and whether the claim has some likelihood of succeeding on the merits. *Id*. at 1085-86.

The Court has already determined an alternative remedy exists—requesting a stay of the Seventh Circuit's mandate in either the Seventh Circuit or the Supreme Court. In addition, the parties agree that the likelihood of success on the merits means whether review is complete under § 843 upon issuance of the mandate, and not whether the Plaintiff's conduct was willful or not as determined by the Seventh Circuit. The Court finds that review under § 843 was in fact complete upon issuance of the mandate, and therefore finds that Plaintiff will not have a likelihood of success on the merits. Having found that Plaintiff failed to satisfy two of the elements necessary under the first phase of the preliminary injunction analysis, the Court need not address irreparable harm. *Girl Scouts*, 549 F.3d at 1085-86.

In sum, the Court finds that it lacks jurisdiction to grant the relief Plaintiff requests. "Absent direction to the contrary from our own Circuit Court of Appeals, the Court finds that it is without jurisdiction to grant the stay." *Mister v. Illinois Cent. Gulf R. Co.*, 680 F. Supp. 297, 299 (S.D. Ill. 1988). Moreover, even if jurisdiction was established, Plaintiff has failed to establish that a preliminary injunction is warranted in this case. Accordingly, this action is dismissed.

**CONCLUSION**

For the reasons stated above, this action is DISMISSED for lack of jurisdiction.

This matter is now terminated.

Signed on this 28th day of February, 2017.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge